COLUMBIA IDEAL QUILTING CO., INC., Respondent, v. GEORGE RUBIN, Individually and as President of Royal Quilting Co., Inc., and Others, Defendants, and ALEXANDER SCHULTZ, Individually and as Secretary of Royal Quilting Co., Inc., Appellant.— Judgment modified so as to provide that, in so far as appellant, Alexander Schultz, is concerned, the injunction be limited to restraining him from engaging in the business with the other defendants, either directly or indirectly, and as so modified unanimously affirmed, without costs. Conclusion of law numbered sixteenth is modified accordingly. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ.

ERIT REALTY CORPORATION, Appellant, v. SEA GATE ASSOCIATION, Respondent. ("Gate" action.) — Judgment unanimously affirmed, with costs. The main grievance of plaintiff in the prior action involving rights in the streets of Sea Gate was that plaintiff was not permitted to have free use of the Sea Gate avenue entrance. It was so found by the trial court. The same condition existed at the time of the trial. By its order, this court meant to leave the situation in respect of the Sea Gate avenue gates as it was at the time of the commencement of the action and at the time of trial. Were there justification for plaintiff's claim that the judgment finally entered in the prior action gave to it the right to enter and leave Sea Gate by the Sea Gate avenue gates, its remedy would not be by action. Furthermore, we are of opinion that limiting plaintiff to entrance to Sea Gate by way of the West Thirty-seventh street entrance is a reasonable regulation. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ. Settle order on notice.

LENA FISCHER, Respondent, v. MARIE CORDES, Appellant, and Others, Defendants. (Appeal No. 1.) — Order directing defendant Marie Cordes to serve a bill of particulars modified by striking out items Nos. 1 and 2 of the particulars to be furnished and by inserting in item No. 3, after the word "Sixteenth," the words "and Seventeenth," and as so modified affirmed, without costs; the particulars to be furnished within five days from service of a copy of the order herein. In our opinion, the plaintiff is only entitled to the particulars of the alleged usurious payment of $1,350 as set forth in the sixteenth and seventeenth paragraphs of the answer. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

LENA FISCHER, Respondent, v. MARIE CORDES, Appellant, and Others, Defendants. (Appeal No. 2.) — Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The answer contains no counterclaim and a reply thereto by plaintiff is not authorized by law. Defendant is, therefore, under no obligation to make answer to any of the allegations of the so-called reply. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

JACOB FISHER, Plaintiff, v. LOUIS DEKELBAUM and Others, Defendants. (Action No. 2.) TERESA DI CROCCO, as Receiver of Rents and Profits, Appellant; BERNARD ALBERT and MAX WEINSTEIN, Respondents.— Order fixing rents, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.